UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DEREK L. DIGGETT,
    Plaintiff,

v.

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF
SOCIAL SECURITY,[1]
    Defendant.

C.A. No. 16-233-M

## ORDER

Derek L. Diggett is 33 years old. He had previously worked as crewmember at McDonalds. Mr. Diggett suffers from obesity, COPD, anxiety, depression, and learning disorder. The Administrative Law Judge ("ALJ") found these to be severe impairments. At the time of his Social Security Disability hearing, Mr. Diggett weighed 434 pounds. In urging this Court to reverse the ALJ's decision denying disability, Mr. Diggett takes fault with the ALJ's decision to provide substantial weight to the residual functional capacity (RFC) determinations of the reviewing state physicians and providing minimal weight to Mr. Diggett's treating physician.

In a social security appeal, this Court reviews "questions of law de novo, but defer[s] to the Commissioner's findings of fact, as long as they are supported by substantial evidence." *Ward v. Commissioner of Social Security*, 211 F.3d 652, 655

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substituted Nancy A. Berryhill for the Commissioner of Social Security as the defendant in this action.

(1st Cir. 2000). The resolution of conflicts in the record is left to the ALJ; therefore, this Court must affirm the ALJ's decision, "even if the record arguably could justify a different conclusion." *Evangelista v. Sec'y of Health & Human Servs.*, 826 F.2d 136, 144 (1st Cir. 1987).

Mr. Diggett assigns error with the ALJ's decision to provide substantial weight to the RFC determinations of the reviewing state physicians. In doing so, the ALJ provided minimal weight to Mr. Diggett's treating physician.

An examining consultant's opinion, taken together with a non-examining physician's opinion, may constitute substantial evidence. *See Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (per curiam). Here, both are present and support the ALJ's RFC determination. A wrinkle exists, however, in this rule application: Mr. Diggett gained thirty-four pounds and received approval for gastric-bypass surgery after the physicians' opinions. A non-examining physician's opinion may not equate to substantial evidence if the physician reviewed a "significantly incomplete record" and when "it was not well justified." *Alcantara v. Astrue*, 257 F. App'x 333, 334 (1st Cir. 2007) (per curiam). Indeed, additional medical examinations that occur after the opinion of a non-examining physician is "one factor counseling against assigning controlling weight" to that physician's opinion. *Gordils*, 921 F.2d at 330. The weight gain and approval for weight-loss surgery represent, Mr. Diggett claims, changes in his condition such that the record reviewed by the state physicians in now incomplete.

The fact that some time has passed since the non-examining physician formed his opinion, and that some update in Mr. Diggett's condition occurred, cannot, standing alone, render the opinion useless, as this would "defy logic and be a formula for paralysis." *Sanford v. Astrue*, No. CA 07-183 M, 2009 WL 866845, at *8 (D.R.I. Mar. 30, 2009) (quoting *Kendrick v. Shalala*, 998 F.2d 455, 456–57 (7th Cir. 1993)). Rather, the change must be material. *Bianco v. Astrue*, No. CA 09-021A, 2010 WL 2382855, at *10 (D.R.I. April 20, 2010); *cf. Alcantara*, 257 F. App'x at 334 (noting that the ALJ found no material change in the record). So when the post-review medical evidence, such as post-surgery progress notes, does not indicate worsening conditions, then original RFC determination retains validity. *Nazario v. Health & Human Servs., Comr of Soc. Sec.*, 129 F.3d 1252, at *1 (1st Cir. 1997) (per curiam) (unpublished table decision). Furthermore, the decision to not utilize a medical expert does create independent grounds for reversal. *Rodriguez Pagan v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 5 (1st Cir. 1987). Instead, the inquiry remains "whether the ALJ's RFC finding is supported by substantial evidence in the absence of medical expert testimony." *Jones v. Astrue*, CA No. 09-206S, 2010 WL 2326261, at *10 (D.R.I. Feb. 19, 2010).

The ALJ in the present case, unlike the one in *Alcantara*, recognized the change in Mr. Diggett's condition and made a finding that none of the changes "establish[ ] that [Mr. Diggett's] condition ha[d] worsened." This determination accords with the ALJ's duty to "piece together the relevant medical facts." *Jones v. Astrue*, C.A. No. 09-206S, 2010 WL 2326263, at *3 (D.R.I. June 2, 2010) (quoting

3

*Evangelista*, 826 F.2d at 144). Mr. Diggett's assignment of error, therefore, lies with the ALJ's factual determination, so this Court must apply employ deferential review.

Mr. Diggett has identified his thirty-four-pound weight gain and approval for weight-loss surgery, following the non-examining physicians' opinions, as evidence of a material change in his condition. Weight-loss surgery is characterized as a "last resort with individuals for whom other forms of treatment have failed," but it is not necessarily associated with a worsening of one's condition. SSR 02-1P. As for Mr. Diggett's weight gain, that self-evidently established a worsening of his obesity, because he weighs more and is thus more obese. A close to ten-percent weight gain for a man already at the highest obesity level can certainly create an inference, or at least a question, of associate functional loss. *Cf. Riley v. Astrue*, No. CA 10-445S, 2011 WL 5041216, at *11 (D.R.I. Sept. 30, 2011) (discussing the impact of a claimant's 100-pound weight gain). The significant weight gain amounts to a serious deterioration in Mr. Diggett's condition. *See, e.g., Alcantara*, 257 F. App'x at 334 (describing records of a claimant's condition deteriorating upon her parent's death as material). The ALJ stood in no position, as a non-expert, to understand the effects of the weight gain on Mr. Diggett's functional abilities. *Cf. Roberts v. Barnhart*, 67 F. App'x 621, 623 (1st Cir. 2003) ("[A]n expert's RFC evaluation is required where 'the record ... is sufficiently ramified that understanding it requires more than a layperson's effort at a commonsense functional capacity assessment.'" (quoting *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 19 (1st Cir. 1996))).

4

Furthermore, the doctor's reports that followed the weight gain did not displace the materiality of Mr. Diggett's weight gain. In *Nazario*, a claimant who suffered kidney failure underwent surgery and had a biopsy report generated after the non-examining physician formed his opinion. 129 F.3d 1252, at *1. The First Circuit reasoned that, because the pre-operation and post-operation diagnoses and progress notes stayed the same, the non-examining physician's RFC determination "retained validity." *Id.* Unlike in *Nazario*, the doctor's reports here did not include an evaluation of Mr. Diggett's condition following his changed circumstance. Instead, the doctor's visits were for unrelated reasons, such as asthma, and were not very elucidating as to Mr. Diggett's functional ability, aside from some boilerplate notes under the physical examination section. Certainly, a report from an optometrist following a visit regarding astigmatism would not displace the significance of Mr. Diggett's weight gain, and neither do these reports.

So, while the ALJ in *Nazario* had medical records that demonstrated no change in the claimant's condition, the ALJ in the present case had records indicating a change in condition—namely, significant weight gain. And the doctor's visits that followed did nothing to displace the significance of the weight gain. In short, the ALJ was faced with additional records that indicated a substantial weight gain, which on its face is material, with no medical evidence to refute the significance of the weight gain. For this reason, the non-examining physicians' opinions were based on an incomplete record and could not, therefore, equate to substantial evidence.

Therefore, the Court GRANTS Plaintiff's Motion to Reverse and Remand (ECF No. 10), DENIES Defendant's Motion to Affirm (ECF No. 17) and remands this matter to the Commission for further proceedings consistent with this opinion.[2]

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

August 25, 2017

---

[2] In as much as this Order is inconsistent with the Magistrate Judge's thoughtful R&R (ECF No. 17), the Court does not adopt it.